## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                             **Case No: 5:19-cr-10-Oc-27PRL**

**WILLIE LEE LEWIS**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Lewis' *pro se* "Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) as Amended by the First Step Act of 2018 Based on an [Eighth] Amendment Violation to the Constitution" (Dkt. 72), and his "Request to Appoint Attorney" (Dkt. 73). A response is unnecessary. The motions are **DENIED**.

Lewis stands convicted of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Dkt. 57). He was sentenced to 120 months imprisonment, followed by 5 years of supervised release. (Id.). His convictions and sentence were affirmed on appeal. *See United States v. Lewis*, No. 19-15076, 2020 WL 6301872 (11th Cir. Oct. 28, 2020). He now moves for a sentence reduction, asserting that "his immediate release or consideration for home confinement for the remainder of his sentence is warranted based on the substantial threat of Covid-19 (Coronavirus) poses to his life while in the custody of the Federal Bureau of Prisons." (Dkt. 72 at 3). Specifically, he contends that his "current institution has substantially failed to provide the recommended and mandatory duty of properly testing inmates for the coronavirus, they are recklessly putting [his] life in great danger." (Id. at 4). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden

receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, §

603(b). Lewis provides documentation reflecting that he requested the Warden to file a motion on

his behalf more than 30 days ago, and that the request was denied. (Dkt. 72 at 9-11). However, he

has not shown extraordinary and compelling reasons warranting compassionate release.

Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary

and compelling reasons," the reduction must be "consistent with applicable policy statements

issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The

Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application

notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A):

(A) a serious medical condition; (B) advanced age and deteriorating health; (C) family

circumstances; and (D) an extraordinary and compelling reason other than, or in combination with,

(A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Lewis fall within these circumstances. First, he does not

assert or provide documentation demonstrating that he suffers from a terminal illness or that his

medical conditions substantially diminish his ability to provide self-care.[1] *See* U.S.S.G. § 1B1.13,

cmt. n.1. Second, he is forty-eight years old and does not qualify under the age-based criteria, and

he has not presented family circumstances to justify compassionate release. As for his contention

that extraordinary and compelling reasons exist because of "the substantial threat of Covid-19

(Coronavirus) poses to his life while in custody of the Federal Bureau of Prisons" (Dkt. 72 at 3),

courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do

---

[1] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). And to the extent he contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 72 at 3-4), courts in this Circuit have rejected that contention.[2] *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if true, Lewis has failed to assert an adequate basis to warrant compassionate release.

In sum, Lewis' reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion and request for appointment of counsel are **DENIED**.

**DONE AND ORDERED** this 29th day of October, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:       Defendant, Counsel of Record

---

[2] To the extent Lewis contends that an Eighth Amendment violation warrants a sentence reduction under § 3582(c)(1)(A), that contention is without merit. Indeed, that reason is not encompassed within the "extraordinary and compelling" circumstances in § 1B1.13. *See United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before reducing a term of imprisonment).